UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ORIGINAL MANN, formerly known as CYRUS GASBY,<br><br>Plaintiff,<br><br>v.<br><br>USHER RAYMOND, LIL JON,<br><br>Defendants. | Case No. 2:23-cv-01578-CDS-EJY<br><br>**ORDER** |

On October 2, 2023 Plaintiff filed a Civil Rights Complaint. ECF No. 1-1. However, Plaintiff's Complaint was not accompanied by payment of the required $402 filing fee for commencing a civil action or an application to proceed *in forma pauperis* ("IFP"). On October 10, 2023, Plaintiff submitted his IFP application on the proper form providing all the information necessary to allow the Court to assess Plaintiff's ability to pay the filing fee. ECF No. 4. The Court grants Plaintiff's IFP application.

**I.      The Screening Standard**.

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). However, *pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A federal court must dismiss a plaintiff's claim if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). The court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave

to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). In making this determination, the court treats all material factual allegations as true and construes these facts in the light most favorable to the non-moving party. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must plead more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Finally, all or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.     Discussion**

A review of Plaintiff's Complaint shows Plaintiff seems to want to allege some violation of federal copyright law against a host of individuals such as Tupak Shakur, Jay-Z, and LL Cool J. ECF No. 1-1. However, even a liberal reading of the Complaint demonstrates the allegations are incoherent, there is no identifiable cause of action, and no defendant could reasonably formulate a response to allegations made. For these reasons, Plaintiff's Complaint fails to state a claim upon which relief may be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010). Rule 8 of the Federal Rules of Civil Procedure requires a complaint to plead sufficient facts to give a defendant fair notice of the claims against him and the grounds upon which it rests. *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (citations omitted).

## III. Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 4) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) is dismissed without prejudice.

IT IS FURTHER ORDERED that Plaintiff has through and including **November 30, 2023**, to file a First Amended Complaint. The First Amended Complaint must include all facts on which Plaintiff basis his claim. Plaintiff must identify which defendant allegedly engaged in acts, supported by facts, that violated Plaintiff's rights under identifiable claims for relief. The claims must identify the right Plaintiff has under federal law and or the U.S. Constitution.

IT IS FURTHER ORDERED that Plaintiff's failure to file his First Amended Complaint on or before **November 30, 2023**, or failure to plead a coherent claim, will lead the Court to recommend this case be dismissed in its entirety with prejudice.

Dated this 21st day of October, 2023.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE